UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| ALBADALIA M. RAMOS, | ) | No. ED CV 05-00419-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff first asserts that error was committed when the ALJ did

not correctly assess her subjective pain testimony. (Joint Stipulation ["JS"] at 3-11.)  Plaintiff cites portions of testimony from the hearing in which she told the ALJ that her hands hurt a lot and she had to take medication.

The ALJ's decision contains a summary of Plaintiff's testimony. (AR at 17, 334-350.)  As the ALJ noted, despite Plaintiff's complaints of pain in her hands, she testified that the surgery on her hands helped; she could lift more than 20 pounds occasionally; she lifts two to three gallons of water occasionally and she can push or drag a trash can; she is able to cook, make the bed, and do most household chores by herself.

In his decision, the ALJ did not totally discredit Plaintiff's subjective pain complaints.  Rather, he gave them some credibility to the extent of finding that Plaintiff's exertional abilities were somewhat limited.  Thus, he found that she was suited for light work, with restrictions of no constant lifting of any kind, and no forceful gripping, grasping or twisting beyond the lifting and carrying weight limitations. (AR at 19, Finding 6.)

With regard to Plaintiff's complaints of disabling hand pain, the ALJ was required to provide sufficiently specific reasons on the record to reject them. See Bunnell v. Sullivan 947 F.2d 341, 346-347 (9th Cir. 1991)(en banc.).  This clearly was done in this case. Reasons cited by the ALJ include the inconsistencies between Plaintiff's activities of daily living ("ADLs") and her pain allegations; her ability to drive a car and pick her child up from school; her ability to do a substantial range of household chores; and her ability to carry two to three gallons of water.  These factors are relevant to the credibility assessment which the ALJ is charged to

2

perform.  See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  In addition, the ALJ properly considered the fact that Plaintiff did not receive medical care for pain in her wrists and hands after she underwent carpal tunnel surgery in September and November 1989 on both hands.  The absence of treatment is a relevant factor in credibility assessment.  See Flaten v. Secretary of H.H.S., 44 F.3d 1453, 1464 (9th Cir. 1995).  Further, Plaintiff's testimony that her hand pain was relieved by over the counter medications such as Motrin and Advil is an appropriate factor to consider.

Based upon the above factors which were weighed and considered by the ALJ, the Court finds that the ALJ's credibility assessment is supported by substantial evidence.

Plaintiff's second issue is that the ALJ failed to properly consider statements from Plaintiff's husband. Specifically, Plaintiff refers to the observations of Plaintiff's husband made on a Daily Activities Questionnaire. (See AR at 114-119.)  The statements made on this form, however, do not support Plaintiff's contentions. Plaintiff's husband confirmed that she could take care of her own needs, that she sometimes prepared meals, shopped for supplies, did household chores such as laundry, drove a car, fed her children, and did other activities. Other observations of Plaintiff's husband, such as his view that Plaintiff had trouble sleeping because of pain, were founded on Plaintiff's subjective complaints, which the ALJ largely rejected in the credibility determination.  See Dodrill v. Shalala, 12 F.3d 915, 918-919 (9th Cir. 1993).  Thus, the observations of Plaintiff's husband either corroborated the ALJ's finding of no disability, or were based on subjective complaints of Plaintiff, which

1  the ALJ addressed in the credibility determination. For these
2  reasons, Plaintiff's second issue has no merit.
3      For the foregoing reasons, Plaintiff's Motion for Summary
4  Judgment is denied, the Commissioner's Cross-Motion for Summary
5  Judgment is granted, and the matter will be dismissed with prejudice.
6      **IT IS SO ORDERED.**

8  DATED: March 21, 2006

10           /s/
   VICTOR B. KENTON
11 UNITED STATES MAGISTRATE JUDGE